IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANGELLA TRAY, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | No.: |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TREE OF LIFE, INC., | : | |
| Defendants. | : | JURY TRIAL DEMANDED |

## COMPLAINT

### I. PRELIMINARY STATEMENT

This is an action for an award for damages, declaratory and injunctive relief, attorney's fees and other relief on behalf of Plaintiff, Angella Tray (hereinafter "Plaintiff"). Plaintiff was an employee of Defendant, Tree of Life, Inc. (hereinafter "TOL"), who has been harmed by the sex-based harassment, sex-based discrimination, and retaliatory practices as well as other improper conduct by TOL and its agents, servants, and representatives.

This action is brought under Title VII of the Civil Rights Act of 1964 and 1991 ("Title VII"), as amended, 42 U.S.C. § 2000e, *et seq.*, the Pregnancy Discrimination Act of 1978, 42 U.S.C.S. § 2000e(k), and the Pennsylvania Human Relations Act, 43 Pa. C.S.A. § 951 *et seq.*

### II. JURISDICTION AND VENUE

1. The jurisdiction and venue of this Court is invoked in this District pursuant to Title 42 U.S.C. § 2000e-5(f), 28 U.S.C. § 1331 and 1391, 2201, 2202, 1343 and the claim is substantively based on Title VII of the Civil Rights Act of 1964 and 1991, as amended, 42 U.S.C. § 2000e, *et seq.*

2. Venue is proper in the Eastern District of Pennsylvania in that some or all of the

events complained of herein occurred in Lehigh County, Pennsylvania.

3. The supplemental jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. §1367, to consider Plaintiff's claim arising under the Pennsylvania Human Relations Act, 43 Pa. Cons. Stat. Ann. §951 *et seq.*

4. As to the Title VII claims, Plaintiff has invoked the procedure set forth in § 706(a) of Title VII. On July 30, 2010, Plaintiff filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") which was jointly filed with the Pennsylvania Human Relations Commission, against TOL and the Individual Defendants alleging, <u>inter alia</u>, sex-based harassment, sex-based discrimination, and retaliatory practices as well as other improper conduct by TOL and its agents, servants, and representatives.

5. On October 30, 2015, a Notice of Right to Sue was issued by the EEOC.

6. This action has been filed within ninety (90) days of receipt of said Notice.

7. More than one year has elapsed since the filing of Plaintiff's Complaint with the PHRC.

## III. PARTIES

8. Plaintiff is an adult female citizen and resident of the Commonwealth of Pennsylvania, residing at 408 Allen Street, Allentown, Pennsylvania 18102.

9. At all times relevant hereto, Plaintiff has been a "person" or "employee" as defined under Title VII, and is subject to the provisions of the said Act.

10. TOL is a Pennsylvania corporation with a principle place of business at 860 Nestle Way, Breinigsville, Pennsylvania 18031.

11. At all times relevant hereto, Plaintiff has been a "person" and "employee" as defined

under Title VII, and is subject to the provisions of the said Act.

12. At all times relevant hereto, TOL has been a "person" and "employer" as defined under Title VII, and is subject to the provisions of the said Act.

13. At all times relevant hereto, TOL acted by and/or failed to act by and through the conduct of its officers, managers, agents and employees, all acting within the scope and course of their employment.

14. TOL has, acting through its agents, servants and representatives, on more than one occasion, met with Plaintiff, and has heard allegations from Plaintiff of gender-based harassment, gender discrimination, and retaliation.

15. At all relevant times herein, TOL knew, or had reason to know, of the actions and inaction alleged herein and/or has personally participated in some of said actions and is ultimately responsible for same.

## IV. CAUSES OF ACTION

16. On or about June 19, 2009, Plaintiff was hired by TOL as a Full-Time Receiver.

17. At all relevant times herein, Plaintiff was a competent and proper employee with no write-ups or performance issues.

18. Plaintiff subsequently became pregnant and notified Defendant of same.

19. Immediately, upon being notified of Plaintiff's pregnancy, TOL began to discriminate against and harass Plaintiff.

20. Without limitation, TOL began regularly treating Plaintiff in a hostile and disparate manner due her pregnancy with conduct including, but not limited to:

   a. Telling Plaintiff she was not capable of performing her job;

   b. Making comments to Plaintiff that she "had it easier" because she was female

    and pregnant;

  c. Telling Plaintiff she was assigned lighter job duties because she was female and pregnant; and

  d. Criticizing Plaintiff for taking leave for doctors' appointments for her pregnancy.

21. Prior to her pregnancy, Plaintiff always received positive reviews and performance evaluations and was never subjected the aforementioned treatment.

22. Plaintiff repeatedly reported, objected to, and complained of this hostile conduct and disparate treatment. Further, this hostile conduct and disparate treatment of Plaintiff was open and notorious and TOL was on actual and/or constructive notice of same. However, TOL took no remedial action and this conduct continued unabated.

23. On or about February 25, 2010, Plaintiff, now approximately six (6) months pregnant, requested job accommodations in the form of light duty and certain lifting restrictions from Dan "Doe" (herein after referred to as "Dan"), TOL's Manager, and Rose Paoletti (herein after referred to as "Paoletti"), TOL's Director of Human Resoruces. Although Plaintiff provided medical documentation for the necessity of such restrictions, Paoletti immediately denied this request because TOL allegedly did not have light duty. However, male employees were previously given light duty when injured and there were numerous jobs she could perform and products she could lift in order to comply with her doctor's orders.

24. Plaintiff asserts that pregnancy-related animus motivated TOL's denial of light duty.

25. Plaintiff asserts that similarly situated male employees were treated differently and/or more favorably than Plaintiff with regard to the requested accommodation of light

duty or work.

26. Plaintiff believes and therefore avers that TOL has accommodated non-pregnant employees with limitations while not extending similar or comparable accommodations to pregnant employees.

27. Plaintiff again objected to and complained of this hostile conduct and disparate treatment. However, TOL, through Dan and Paoletti, took no remedial action and this conduct continued unabated and Plaintiff continued to perform her job duties with no light duty or lifting restrictions.

28. Immediately after Plaintiff reported the aforementioned discriminatory conduct, TOL began a continuous course of retaliation against Plaintiff for complaining of gender and pregnancy-based discrimination. The retaliation includes, but is not limited to, the following:

   a. Allowing TOL to continuously treat Plaintiff in a disparate manner due to her gender and pregnancy;

   b. Intentionally refusing to respond to and/or delaying responses to Plaintiff's complaints of gender and pregnancy-based discrimination;

   c. Failing to conduct a full, prompt, proper, and effective investigation into Plaintiff's complaints; and

   d. Failing to initiate effective remedial action designed to ensure that future gender and pregnancy-based discrimination would not happen.

29. TOL created or permitted to exist a hostile work environment within which Plaintiff was asked to function.

30. Plaintiff believes, and therefore avers, that TOL created and/or permitted an

intolerable and hostile work environment designed to interfere with her employment and to victimize her because she reported the illegal action by, but not limited to the following:

   a. Creating and fostering a work environment that was openly hostile toward Plaintiff; and

   b. Creating and fostering a work environment that was so openly hostile toward Plaintiff that when she complained about the gender and pregnancy-based discrimination and retaliation, she was ignored.

31. On or about March 4, 2010, Paoletti informed Plaintiff that because she could not perform the essential job functions with her requested restrictions, she would have to:

   a. Take a 90 day personal leave where her job would not be protected;

   b. Apply for another position with TOL; or

   c. Apply for new employment with TOL or its parent company after she had given birth and no longer required restrictions.

32. As all of the options presented by Paoletti resulted in her termination, Plaintiff chose the option to take a 90 day period of leave. This leave began on March 5, 2010 and end on June 3, 2010, a day after Plaintiff's due date.

33. On or about Plaintiff's regularly scheduled due date of June 2, 2010, Paoletti contacted Plaintiff to determine if she had given birth yet. When Plaintiff told Paoletti she had not given birth, Paoletti re-iterated that Plaintiff's employment was terminated and because her 90 day leave expired, TOL was cancelling her medical insurance coverage. Plaintiff then gave birth on June 12, 2010.

34. TOL was responsible and liable for the conduct of its employees for subjecting

Plaintiff to gender and pregnancy-based discrimination while employed at TOL and a hostile work environment based on this harassment and for failing to protect Plaintiff from the above stated unlawful conduct.

35. As a direct result of the conduct of TOL, Plaintiff has been irrevocably damaged.

36. As a direct result of the conduct of TOL, Plaintiff has suffered and continues to suffer severe emotional, psychological, and physical distress.

37. As a direct result of Defendants' conduct, Plaintiff has suffered a loss of earnings.

## COUNT I
## PLAINTIFF v. TOL
### TITLE VII OF THE CIVIL RIGHTS ACT OF 1964 AND 1991

38. Paragraphs 1 through 37, inclusive, are incorporated by reference as if fully set forth at length herein.

39. Based on the foregoing, TOL has engaged in unlawful practices in violation of Title VII. The said unlawful practices for which TOL is liable to Plaintiff include, but are not limited to, fostering and perpetuating a hostile and offensive work environment, retaliating against her because of her expressed opposition to gender and pregnancy-based discrimination in the work place and treating her in a disparate manner.

40. As a direct result of the aforesaid unlawful discriminatory employment practices engaged in by TOL in violation of Title VII, Plaintiff sustained loss of earnings, severe emotional and psychological distress, loss of self-esteem, loss of future earning power, plus back pay, front pay and interest due thereon.

## COUNT II
## PLAINTIFF v. TOL
## RETALIATION UNDER TITLE VII

41. Paragraphs 1 through 40, inclusive, are incorporated by reference as if fully set forth at length herein.

42. By the acts complained of, TOL has retaliated against Plaintiff for exercising her rights under Title VII, which constitutes a violation of Title VII.

43. TOL's foregoing continued adverse employment actions and violations, including retaliation against Plaintiff under circumstances giving rise to an inference of discrimination and retaliation, were taken without valid and just cause.

44. Plaintiff is now suffering and will continue to suffer irreparable injury and monetary damages as a result of TOL's retaliatory practices unless and until this Court grants relief.

## COUNT III
## PLAINTIFF v. TOL
## NEGLIGENCE UNDER TITLE VII

45. Paragraphs 1 through 44, inclusive, are incorporated by reference as if fully set forth at length herein.

46. TOL was negligent in the following respects:

   a. Failing to implement an effective, well-known and uniformly enforced policy against gender and pregnancy-based harassment, gender and pregnancy-based discrimination, and retaliation;

   b. Failing to properly investigate Plaintiff's complaints of gender and pregnancy-based discrimination;

   c. Failing to take any action reasonably calculated to remedy Plaintiff's

      complaints of gender and pregnancy-based harassment, gender and pregnancy-based discrimination, and retaliation;

d. Failing to impose any discipline upon their employees who had engaged in gender and pregnancy-based harassment, gender and pregnancy-based discrimination, and retaliation;

e. Failing to take reasonable actions to discover illegal gender and pregnancy-based harassment, gender and pregnancy-based discrimination, and retaliation by their employees; and

f. Failing to take reasonable actions to prevent illegal gender and pregnancy based harassment, gender and pregnancy-based discrimination, and retaliation from taking place.

47. TOL owed Plaintiff a duty in all of the respects set forth in Paragraph 45, but failed to perform each of those duties as set forth above.

48. As a direct, reasonable and foreseeable result of the negligence of TOL, Plaintiff suffered the injuries and damages set forth above.

### COUNT IV
### PLAINTIFF v. TOL
### **VIOLATION OF THE PHRA**

49. Paragraphs 1 through 48, inclusive, are incorporated by reference as if fully set forth at length herein.

50. The unlawful actions of TOL acting as aforesaid, constitutes a violation of Title 43 Pa. Stat. Ann. § 951 et seq. of the Pennsylvania Human Relations Act. The said unlawful practices for which TOL is liable to Plaintiff include, but are not limited to, treating Plaintiff in a disparate and discriminatory manner and retaliating against

PLaintiff because of her gender and pregnancy, for exercising her rights under the PHRA, and for engaging in protected conduct under the PHRA.

51. As a direct result of TOL's willful and unlawful actions in treating employees, including Plaintiff, in a discriminatory and retaliatory manner in violation of Title 43 Pa. Stat. Ann. § 951 *et seq.* of the Pennsylvania Human Relations Act, Plaintiff has sustained severe emotional distress, loss of earnings, plus the failure of the aforementioned benefits, plus loss of future earning power, plus back pay, front pay and interest due thereon.

## STATEMENT OF FACTS JUSTIFYING THE IMPOSITION OF PUNITIVE DAMAGES

52. Paragraphs 1 through 51, inclusive, are incorporated by reference as if fully set forth at length herein.

53. At all times relevant hereto, TOL knew or should have known of the pattern of conduct in which Dan and Paoletti had engaged and in which they continued to engage.

54. At all times relevant hereto, TOL knew or should have known that the aforesaid pattern of conduct was in violation of the law.

55. At all times relevant hereto, TOL acted willfully, wantonly, recklessly and with an outrageous disregard and indifference to the rights, safety and well-being of the Plaintiff.

56. Plaintiff therefore demands punitive damages under Title VII.

## V. **PRAYER FOR RELIEF**

57. Plaintiff repeats the allegations of paragraphs 1 through 62 of this Complaint as if set forth at length herein.

WHEREFORE, Plaintiff requests this Court to enter judgment in her favor and against the Defendants and requests that this Court:

  a. Exercise jurisdiction over her claims;

  b. Award traditional tort remedies such as compensatory damages, pain and suffering, physical and emotional distress, economic loss, time loss, severe emotional trauma, including, but not limited to, trauma endured in litigating this matter, and punitive damages;

  c. Issue declaratory and injunctive relief declaring the above-described practices to be unlawful, and enjoining their past and continued effects;

  d. Order the Defendants compensate Plaintiff with a rate of pay and other benefits and emoluments to employment, to which she would have been entitled, had she not been subject to unlawful discrimination;

  e. Order the Defendants compensate Plaintiff with an award of front pay, if appropriate;

  f. Order the Defendants compensate Plaintiff for the wages and other benefits and emoluments of employment lost, because of their unlawful conducts;

  g. Order the Defendants pay to Plaintiff compensatory damages for future pecuniary losses, pain, suffering, inconvenience, mental anguish, loss of employment of life and other non-pecuniary losses as allowable;

  h. Order the Defendants pay to Plaintiff pre and post judgment interest, costs of

suit and attorney and expert witness fees as allowed by law; and

i. The Court award such other relief as is deemed just and proper.

## VI. JURY DEMAND

Plaintiff demands trial by jury.

HAHALIS & KOUNOUPIS, P.C.

By: _____
George S. Kounoupis, Esquire
Michael E. Alpago, Esquire
20 East Broad Street
Bethlehem, PA  18018
(610) 865-2608
Attorneys for Plaintiff

Dated: January 21, 2016